IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-136-M |
| | ) | |
| JAMES LEE EDWARDS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is defendant James Lee Edwards, Jr.'s ("Edwards") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed September 27, 2012. On November 8, 2012, the government filed its response. On December 4, 2012, this Court entered an order granting Edwards' motion to hold this matter in abeyance pending the Tenth Circuit's ruling in *United States v. Randle*, Case No. 12-5010. On January 24, 2013, the Tenth Circuit issued its Order and Judgment in *Randle*.

Edwards was convicted by a jury of the following drug and gun counts: Count 1 – conspiracy to possess with intent to distribute cocaine base (crack), cocaine, marijuana, and methylenedioxymethamphetamine, also known as "ecstasy," in violation of 21 U.S.C. § 846; Count 2 – possession with intent to distribute ecstasy tablets, in violation of 21 U.S.C. § 841(a)(1); Count 3 – possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Counts 4 and 5 – possession of firearms by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). On August 27, 2007, Edwards was sentenced to a total term of imprisonment of 248 months, consisting of 188 months on Counts 1 and 2, 120 months on Counts 4 and 5, to run concurrently with Counts 1 and 2, and 60 months on Count

3, to run consecutively to Counts 1, 2, 4, and 5. The Tenth Circuit affirmed Edwards' conviction and sentence.

On October 16, 2008, Edwards filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based on Amendment 706. This Court granted Edwards' motion and reduced his sentence on Counts 1 and 2 to 151 months, resulting in a revised sentence of 211 months' imprisonment. On December 14, 2011, Edwards filed a second § 3582(c)(2) motion, seeking another reduction of his sentence based on Amendment 750. The Amendment operated to reduce Edwards' guideline range to 97-121 months; however, because of the mandatory minimum sentence of 10 years applicable to Count 1, the effective revised guideline range was 120-121 months. The Court reduced Edwards' sentence on Counts 1 and 2 to 120 months, resulting in a revised sentence of 180 months' imprisonment.

Edwards has now filed a third § 3582(c)(2) motion, seeking to further reduce his sentence. In his motion, Edwards asserts that the Fair Sentencing Act's new mandatory minimums apply to his case and his sentence should be reduced accordingly. The Tenth Circuit has held that the Fair Sentencing Act and its reduction of certain mandatory minimum sentences does not apply retroactively to a defendant who was sentenced before its August 3, 2010 effective date. *See United States v. Randle*, No. 12-5010, 2013 WL 264560, at *3 (10th Cir. Jan. 24, 2013); *United States v. Murphy*, No. 12-5035, 2012 WL 5359297, at *3 (10th Cir. Nov. 1, 2012). Additionally, "[t]he fact [defendant] filed his § 3582(c) motion and received a reduced sentence through that motion after the effective date of the Act does not make him eligible for a further reduction, and nothing in the Fair Sentencing Act, *Dorsey* [*v. United States*, 132 S. Ct. 2321 (2012)], or our case precedent suggests otherwise." *Murphy*, 2012 WL 5359297, at *3.

Accordingly, the Court finds that Edwards is not entitled to any further reduction of his sentence. The Court, therefore, DENIES Edwards' Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [docket no. 661].

**IT IS SO ORDERED this 13th day of March, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE