# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-06-136-M |
| ) | (CIV-13-943-M) |
| JAMES LEE EDWARDS, JR., ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant James Lee Edwards, Jr. ("Edwards"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on September 3, 2013. On September 25, 2013, plaintiff-respondent United States of America filed its response to Edwards' motion, and on October 16, 2013, Edwards filed his reply to the government's response.

Edwards' § 2255 motion is solely based upon the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court overruled prior Supreme Court case law and held that under the Sixth Amendment:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 2155 (citation omitted). The United States Court of Appeals for the Tenth Circuit, however, has recently held that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Payne*, No. 13-5103, 2013 WL 5200425 (10th Cir. Sept. 17, 2013). Accordingly, the Court finds that Edwards' § 2255 motion should be denied.

Accordingly, the Court DENIES Edwards' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 22nd day of October, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE